LAVANIER *v.* COSMOPOLITAN BANK & TRUST CO.

(Decided November 4, 1929.)

*Messrs. Forney & Schreiber* and *Mr. E. F. Alexander,* for plaintiff in error.

*Mr. John E. Keeshan,* for defendant in error.

CUSHING, P. J. Frank Lavanier brought an action against the Cosmopolitan Bank & Trust Company for $300, alleging that said bank received from the Security Savings Bank, of Covington, Kentucky, the sum of $300, which money had been on deposit to plaintiff's credit in said Security Savings Bank.

The facts briefly stated are, that in January, 1926, a person represented himself to Lavanier as the agent of Banks & Haefer, located at Broad street, New York, and claimed to be selling the capital stock of the Pittsburg Coal Company; that this person sold Lavanier 30 shares of this stock, and Lavanier gave the man a check on the Security Savings Bank, payable to the order of Banks & Haefer, for $300, as the first payment on his purchase of said stock; that

some person took the check to the Cosmopolitan Bank & Trust Company, of Cincinnati, and indorsed it "Banks & Haefer, by P. R. Haefer, Treasurer;" and that the Cosmopolitan Bank gave the person having possession of the check $300, indorsed the same, and presented it to the Security Savings Bank, which bank paid to the Cosmopolitan Bank & Trust Company $300.

Lavanier claims that the indorsement, "Banks & Haefer, by P. R. Haefer, Treasurer," was a forgery.

The court of common pleas sustained a demurrer to the petition, and dismissed plaintiff's petition. This action is prosecuted to reverse that judgment.

If the indorsement on the check was a forgery, the Security Savings Bank did not pay out Lavanier's money. In law, his money is still in that bank.

The plaintiff in error relies on the case of *Shaffer* v. *McKee*, 19 Ohio St., 526. The difference between that case and the case at bar is that in the *McKee case* the money was collected on a forged indorsement on a check which had been stolen, and the payee of the check proceeded against McKee to collect the money as money had and received, while in the case at bar the drawer of the check is endeavoring to maintain an action against an intermediate indorsing bank.

In the instant case, Lavanier had money on deposit, and it is claimed the bank paid it on a forged indorsement. Therefore it was not a payment out of Lavanier's money. His money is still in the bank.

The court of common pleas was correct in sustaining the demurrer, and dismissing the petition.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.